Eastern Dist.
*April,* 1839.

LESSEPS *vs.* ARCHITECT COMPANY.

LESSEPS
*vs.*
ARCHITECT CO.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE WATTS
PRESIDING.

Partners in joint stock companies, have no action against the company as
such, except for the settlement of accounts and partition, after the
association is dissolved.

If the company wrongfully confiscates or withholds the stock of a partner,
he has an action to be reinstated in his rights, but his stock will remain
subject to the debts and losses of the company, until its dissolution.

This is an action by a partner or stockholder of the Archi-
tect Company of the city of New-Orleans, against the
Association, to recover the amount paid in, (forty dollars on
each share,) on sixty shares of stock, amounting to two
thousand four hundred dollars.

The plaintiff alleges, that he is the owner of thirty-five
shares, and his wife twenty-five shares, and that said com-
pany are in liquidation, and have refused to pay him the
amount of his stock and the dividends accruing thereon, but
have confiscated them and applied them to their own use.
He prays judgment for two thousand four hundred dollars,
with his dividends, and interest thereon.

There was no defence, and judgment by default, was
confirmed in favor of the plaintiff, and the defendants
appealed.

*Denis,* for the appellants, insisted that the action could not
be maintained in the manner set forth. If the plaintiff has
been erased from the list of stockholders, he should have sued
to be reinstated in all his rights as one; but he cannot sue
to recover the amount of his stock and withdraw his capital,
without sharing in the losses of the company.

2. The plaintiff cannot maintain an action in his own
name for the stock of his wife ; so, that on this ground, the
suit must be dismissed. *Code of Practice,* 107, 118.

*Servante Grangeac, contra.*

*Rost, J.*, delivered the opinion of the court.

The plaintiff, in his own right, and that of his wife, alleges, that he is the owner of sixty shares of stock of the Architect Company, upon which forty dollars per share have been paid, making together the sum of twenty-four hundred dollars; that the said company, being now in liquidation, has been amicably requested by him to pay said sum, with all dividends accruing thereon, but has refused to do so; that they have illegally confiscated the said shares and dividends, and appropriated them to their own use. He prays judgment for twenty-four hundred dollars, besides dividends and interest.

The defendants having failed to appear, a judgment by default was taken against them, and, after the usual delays, made final, and they appealed.

We are of opinion that they are entitled to relief, and that the judgment of the District Court must be reversed. Partners in a joint stock company have no action against it as such, except one in settlement of accounts and partition, and it can only be brought after the association is dissolved, which is not expressly alleged to be the case in this instance. If the company have wrongfully confiscated the plaintiff's stock, he has an action to compel them to reinstate him in his rights; but those rights are merely those of a partner, and his stock will remain with the rest, subject to the debts and losses of the company until its dissolution and the final settlement of its accounts.

*Partners in joint stock companies, have no action against the company as such, except for the settlement of accounts and partition, after the association is dissolved.*

*If the company wrongfully confiscates or withholds the stock of a partner, he has an action to be reinstated in his rights, but his stock will remain subject to the debts and losses of the company, until its dissolution.*

Considering, however, that the rights of the parties can be definitely settled, in this suit, by permitting them to amend their pleadings, we think that justice will be furthered by remanding the case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; the judgment by default set aside, and the case remanded to the District Court, to be proceeded in according to law, with leave to the defendants to answer, and to both parties to amend; the plaintiff and appellee paying the costs of this appeal.